Joe D. Guerriero (Bar No. 06391)
Guerriero & Guerriero
2200 Forsythe Avenue
Monroe, Louisiana 71211-4092
(318) 325-4306 (phone)
(318) 323-8406 (fax)

Morris E. Cohen (MC 4620)
Law Office of Morris E. Cohen, Esq.
1122 Coney Island Avenue, Suite 217
Brooklyn, New York 11230-2345
(718) 859-8009 (phone)
(718) 859-3044 (fax)

Attorneys for Plaintiff

U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
F I L E D

JUL 3 - 2002

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

NOURI E. HAKIM,

               Plaintiff,

      v.

CANNON AVENT GROUP, PLC; CANNON
RUBBER LIMITED; and AVENT AMERICA,
INC.,

            Defendants.

CIVIL ACTION NO. 3:02-1371

## AMENDED COMPLAINT

Plaintiff Nouri E. Hakim (hereinafter "Plaintiff" or "Mr. Hakim") by its attorneys, hereby

complains of Defendant Cannon Avent Group, PLC ("Cannon Avent"), Defendant Cannon

Rubber Limited ("Cannon Rubber") and Defendant Avent America, Inc. ("Avent America") (all

Defendants being collectively referred to herein as "Defendants" or "Avent") as follows:



-1-

## JURISDICTION AND VENUE

1.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §101 *et seq.* This Court has jurisdiction over the federal claims which are the subject matter of this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338.

2.     Venue is proper in this Court, pursuant to 28 U.S.C. §§ 1391(b) - (d) and 28 U.S.C. §1400(b), in that Defendants are corporations subject to personal jurisdiction within this judicial district and have committed acts of infringement in this judicial district.

3.     Upon information and belief, venue is further proper in that Defendants Cannon Avent and Cannon Rubber are also alien corporations and are subject to suit in any judicial district within the United States.

## THE PARTIES

4.     Plaintiff Nouri E. Hakim is an citizen of the United States, a resident of the State of Louisiana, and the President of Luv n' care, Ltd., having a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201.

5.     Upon information and belief, Defendant Cannon Avent Group, PLC is a corporation organized under the laws of the United Kingdom, having a principal place of business at Lower Road, Glemsford, Sudbury CO10 7QS, United Kingdom.

6.     Upon information and belief, Defendant Cannon Rubber Limited is a corporation organized under the laws of the United Kingdom, having a principal place of business at Glemsford, Suffolk CO10 7QS, United Kingdom.

7.    Defendant Avent America, Inc. is a corporation of the State of Illinois, having a principal

      place of business at 475 Supreme Drive, Bensenville, IL 60106, United States.

8.    Upon information and belief, Avent America is a subsidiary of Cannon Rubber.

9.    Upon information and belief, Cannon Rubber is a subsidiary of Cannon Avent.


## BACKGROUND

10.   Plaintiff Nouri E. Hakim is the inventor of new technology relating to no-spill drinking

      devices, including, no-spill valves and drinking containers incorporating such valves.

11.   Mr. Hakim's inventions prevent liquid from spilling or leaking out of a container.

12.   His inventions are particularly suited for drinking products for young children.  The

      inventions make it possible for a child to drink from a product, while minimizing a parent's

      concern and worry that the child will accidentally spill liquid all over the floor or table.

13.   On November 27, 2001, United States Patent No. 6,321,931 entitled "No-Spill Drinking

      Apparatus" was duly and lawfully issued to Nouri E. Hakim for his inventions by the United

      States Patent and Trademark Office (hereafter "the '931 patent"),.  A copy of the '931

      patent is attached as Exhibit A hereto.

14.   On March 19, 2002, a second patent, United States Patent No. 6,357,620 entitled "No-

      Spill Drinking Apparatus" was also duly and lawfully issued to Nouri E. Hakim for his

      inventions by the United States Patent and Trademark Office (hereafter "the '620 patent").

      A copy of the '620 patent is attached as Exhibit B hereto.

15.   Plaintiff Nouri E. Hakim is the owner of both the '931 patent and '620 patent.

16.     During the term of the '931 patent and '620 patent, Defendants have manufactured, sold, used, imported, and offered for sale products embodying the patented inventions of the '931 patent and '620 patent.

17.     Defendants have also provided consumers with materials for converting cups and bottles into infringing products, and have provided information to consumers inducing them to infringe the '931 and '620 patents.

18.     Defendants' infringing products include the "Avent Magic Spouts and Valves" and associated cups and baby bottles used with those spouts and valves.  A sample of materials from the Avent America website, illustrating Defendants' infringing products and activities, is attached as Exhibit C hereto.

19.     Defendants' acts have been without license or authority of Plaintiff.

20.     Defendants' acts are with full knowledge of the '931 and '620 patents.


FIRST CAUSE OF ACTION:
PATENT INFRINGEMENT
IN VIOLATION OF 35 U.S.C. §101 et seq.

21.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 as if fully set forth herein.

22.     Defendants' acts constitute direct infringement of the '931 patent and '620 patent under 35 U.S.C. §271.

23.     Defendants' acts of infringement were and are willful and deliberate.

24.     Defendants have profited from their infringing activities.

25.  As a result of Defendants' conduct, Plaintiff has been substantially harmed, has suffered actual damages, has suffered lost profits, and has been forced to retain legal counsel and pay costs of court to bring this action.

### SECOND CAUSE OF ACTION:
### CONTRIBUTORY PATENT INFRINGEMENT
### IN VIOLATION OF 35 U.S.C. §101 et seq.

26.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 25 as if fully set forth herein.

27.  Defendants' acts constitute contributory patent infringement of the '931 patent and '620 patent under 35 U.S.C. §271.

28.  Defendants' acts of infringement were and are willful and deliberate.

29.  Defendants have profited from their infringing activities.

30.  As a result of Defendants' conduct, Plaintiff has been substantially harmed, has suffered actual damages, has suffered lost profits, and has been forced to retain legal counsel and pay costs of court to bring this action.

### THIRD CAUSE OF ACTION:
### INDUCING PATENT INFRINGEMENT
### IN VIOLATION OF 35 U.S.C. §101 et seq.

31.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30 as if fully set forth herein.

32.  Defendants', through their acts, have actively induced infringement of both the '931 patent and the '620 patent under 35 U.S.C. §271.

33.  Defendants' acts of infringement were and are willful and deliberate.

-5-

34.    Defendants have profited from their infringing activities.

35.    As a result of Defendants' conduct, Plaintiff has been substantially harmed, has suffered actual damages, has suffered lost profits, and has been forced to retain legal counsel and pay costs of court to bring this action.

## DAMAGES AND INJUNCTIVE RELIEF

36.    Plaintiff has no adequate remedy at law.

37.    Plaintiff is suffering irreparable harm as a result of the illegal acts of Defendants.

38.    The harm to Plaintiff and the illegal acts of Defendants will continue unless Defendants are restrained and enjoined by this Court from continuing to commit its infringing acts.

39.    Defendants' acts were and are with full knowledge of the patents.

40.    Defendants' acts of infringement were and are willful and deliberate.

41.    Defendants have profited from their infringing activities.

42.    As a result of Defendants' conduct, Plaintiff has been substantially harmed, has suffered actual damages, has suffered lost profits, and has been forced to retain legal counsel and pay costs of court to bring this action, in an amount not yet determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nouri E. Hakim prays that Judgment be rendered in favor of Plaintiff Nouri E. Hakim and against Defendants Cannon Avent Group, PLC, Cannon Rubber Limited, and Avent America, Inc., as follows:

(A)     That the '931 patent and '620 patent were duly and legally issued by the U.S. Patent Office, and are valid and enforceable;

(B)     That Defendants have directly infringed, contributorily infringed, and induced infringement of, Plaintiff's rights under United States Patent No. 6,321,931 ("the '931 patent") and United States Patent No. 6,357,620 ("the '620 patent");

(C)     That Defendants have willfully infringed one or more claims of the '931 patent and '620 patent;

(D)     That Defendants, their officers, agents, servants, employees, representatives, distributors and all persons in concert or participation with Defendants be enjoined pursuant to 35 U.S.C. §283 from engaging in any activities which infringe Plaintiff's rights in the '931 patent and '620 patent under 35 U.S.C. §271;

(E)     That Defendants, their officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with them be enjoined pursuant to 35 U.S.C. §283 from making, using, importing, exporting, offering for sale and selling any products which infringe or contributorily or actively induce infringement of the '931 patent and '620 patent under 35 U.S.C. §271;

(F)     That Defendants be directed to file with this Court and serve on Plaintiff within thirty (30) days after service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which the Defendants have complied with the injunction;

(G)     That Defendants be required to account for and pay over to Plaintiff all damages sustained as a consequence of Defendants' infringement of Plaintiff's patents,

including all damages attributable to derived by, or resulting from the acts complained of in this Complaint, with an assessment of pre-judgment and post-judgment interest on all damages so computed, and that the damages be trebled pursuant to 35 U.S.C. § 284 because of the knowing and willful conduct of Defendants;

(H)     That Defendants be required to account for and pay over to Plaintiff any and all profits, gains and advantages attributable to, derived by, or resulting from, the acts complained of in this Complaint, including an assessment of pre-judgment and post-judgment interest on all damages so computed, and that the damages be trebled pursuant to 35 U.S.C. § 284 because of the knowing and willful conduct of Defendants;

(I)     That Defendants be required to account for and pay over to Plaintiff all such damages as the Court deems proper under the Patent Laws of the United States;

(J)     That Defendants be required to deliver up for impoundment during the pendency of this action, and for destruction thereafter, all copies of the infringing materials in its possession or under its control, and all materials, including molds and master models, used for making same;

(K)     That Plaintiff recover the costs of this action, including its expenses and reasonable attorney's fees pursuant to 35 U.S.C. §285, because of the deliberate and willful nature of the infringing activities of Defendants sought to be enjoined hereby, which make this an exceptional case warranting such award; and,

(L)     That Plaintiff have such other and further relief as the Court may deem just and

equitable.


Dated: July ___, 2002              Respectfully submitted,
        Monroe, Louisiana

                                   Joe D. Guerriero (Bar No. 06391)
                                   Guerriero & Guerriero
                                   2200 Forsythe Avenue
                                   Monroe, Louisiana 71211-4092
                                   (318) 325-4306 (phone)
                                   (318) 323-8406 (fax)


                                   Of Counsel:

                                   Morris E. Cohen (MC 4620)
                                   Law Office of Morris E. Cohen, Esq.
                                   1122 Coney Island Avenue, Suite 217
                                   Brooklyn, New York 11230-2345
                                   (718) 859-8009 (phone)
                                   (718) 859-3044

                                   Attorneys for Plaintiff Nouri E. Hakim

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

## NOTICE OF DOCUMENTATION NOT FILED IN RECORD

CASE# 3:02CV1371

NOURI E. HAKIM

    VS.

CANNON AVENT GROUP, PLC, ET AL

ATTACHMENTS TO:

    DOCUMENT#:   2

    DESCRIPTION: Amended Complaint

    FILED BY:     Plaintiff

    FILE DATE:    July 3, 2002

    HAVE BEEN PLACED IN AN ACCORDIAN FOLDER

S. McInnis
_____
          **DEPUTY CLERK**