UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA **RECEIVED**
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
MONROE DIVISION                 ALEXANDRIA, LOUISIANA

NOURI E. HAKIM                      CIVIL ACTION 3-02-1371 ~2~ 2, 05
                                                    BY ___ mel

VERSUS                              U.S. DISTRICT JUDGE ROBERT G. JAMES


CANNON AVENT GROUP, PLC,
 et al                              U.S. MAGISTRATE JUDGE JAMES D. KIRK


REPORT AND RECOMMENDATION

Before the court is a motion for summary judgment, **Doc. #89**,

filed by defendants Cannon Avent Group, PLC, et al (Avent) as to U.

S. Patent No. 6,357,620 ('620 patent) belonging to plaintiff, Nouri

E. Hakim (Hakim). The motion seeks a ruling that the claims of the

'620 patent are invalid as not being novel in accordance with 35

U.S.C. 102(b).

Hakim sued defendants for patent infringement claiming to be

the inventor of "technology" related to children's no-spill

drinking cups. Hakim claims that on March 19, 2002 he was awarded

the '620 patent.  Another patent was also awarded in regard to the

no-spill drinking cups, Patent No. 6,321,931, which is the subject

of another motion for summary judgment, Docs. # 88 in this case.

Separate Reports and Recommendations are issued this date regarding

those motions and the motion for summary judgment, Doc. #90, which

also concerns the '620 patent.

1

Defendants denied the allegations of the complaint and filed a counterclaim against Hakim asserting the invalidity of both patents on the basis of prior use of the invention, its having been the subject of prior patents, 35 U.S.C. 102, that it was obvious, 35 U.S.C. 103, and that it failed to contain an adequate specification, 35 U.S.C. 112.

<u>Law of Summary Judgment</u>

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.   If the adverse party does not so

2

respond, summary judgment, if appropriate, shall be entered against the adverse party."

Local Rule 56.2W also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

A party seeking summary judgment always bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 at 2552; International Ass'n. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co., Inc., 812 F.2d 219, 222 (5th Cir. 1987). However, movant need not negate the elements of the non-movant's case. Little v. Liquid Air Corporation, 37 F.3d 1069, (5th Cir. 1994). Once this burden has been met, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." Izen v. Catalina 382 F.3d 566 (5th Cir. 2004); Fed. R. Civ. P. 56(e). All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial

3

burden, summary judgment should be denied. <u>Little</u>, 37 F.3d at 1075.

However, the non-movant, to avoid summary judgment as to an issue on which it would bear the burden of proof at trial, may not rest on the allegations of its pleadings but must come forward with proper summary judgment evidence sufficient to sustain a verdict in its favor on that issue. <u>Austin v. Will-Burt Company</u>, 361 F. 3d 862 (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. <u>Little</u>, id.

Summary judgment is as appropriate in a patent case as it is in any other case. <u>Desper Products, Inc. v. QSound Labs, Inc.</u>, 157 F.3d 1325, 1332 (Fed. Cir. 1998). Thus, Avent is entitled to summary judgment of invalidity only if the facts and inferences, when viewed in the light most favorable to Hakim, would not persuade a reasonable jury to return a verdict in favor of Hakim, the non-moving party.

<u>Law of Claim Construction</u>

A court determines patent invalidity by construing the claims and then applying that construction to the accused process or product. <u>W. L. Gore & Assocs., Inc. v. Garlock, Inc</u>. 842 F.2d 1275, 1279 (Fed. Cir 1988). See also, <u>Business Objects, S. A. v. Microstrategy, Inc</u>., 2005 WL 22893 (Fed. Cir.); <u>Markman v. Westview Instruments, Inc.</u>, 52 F. 3d 967, 976 (Fed. Cir. 1995) (en banc),

aff'd, 116 S. Ct. 1384 (1996).

Claim construction is a question of law for the court. Markman, 116 S. Ct. 1384. In determining the meaning of disputed patent claim language, the court looks first to the intrinsic evidence of record examining, in order, the claim language itself, the specification, and the prosecution history. Alza Corporation, et al v. Mylan Laboratories Inc., et al, 391 F.3d 1365 (Fed. Cir. 2004). "Such intrinsic evidence is the most significant source of the legally operative meaning of disputed claim language." Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1582 (Fed. Cir. 1996). Extrinsic evidence (e.g. reference books, expert testimony, etc.) may only be considered to enhance the court's understanding of the technology. EMI Group N. Am., Inc. v. Intel Corp., 157 F.3d 887, 892 (Fed. Cir. 1998). Extrinsic evidence may not be used to contradict the intrinsic evidence. Mantech Envtl. Corp., v. Hudson Envtl. Servs., Inc., 152 F.3d 1368, 1373 (Fed. Cir. 1998).

Claim terms are generally given their ordinary meaning. Vitronics, 90 F. 3d at 1532. Accordingly, a technical term used in a patent is interpreted as having the meaning a person "experienced in the field of the invention" would understand it to have. Hoechst Celanese Corp. v. BP Chem. Ltd., 78 F. 3d 1575, 1578 (Fed. Cir. 1996). A patentee may, however, act as his own lexicographer and may define a claim term differently from its ordinary meaning. Id.

A fundamental precept in claim construction jurisprudence

requires construing the meaning of a claim to avoid recapture of interpretations disclaimed during prosecution of the claim before the patent office. Omega Engineering, Inc. v. Raytek Corp., 334 F. 3d 1314, 1323 (Fed. Cir. 2003), Southwall Technologies., Inc. v. Cardinal IG Co., 54 F. 3d 1570, 1576 (Fed Cir. 1995). The disclaimer, however must be effected with "reasonable clarity and deliberateness", Springs Window Fashions LP v. Novo Industries, LP, 323 F. 3d 989. 994 (Fed Cir. 2003), that is, it must be both "clear and unmistakable", Omega Engineering, Inc., 334 F.3d at 1325-6. Construing a patent consistent with arguments made during its prosecution supports the public notice function of the patent record; a patentee is, therefore, held to the particular claim construction argued during patent prosecution to preserve public reliance on statements made in the public record. Springs Window Fashions LP, 323 F.3d at 995.

### Law of Invalidity

A determination that a patent is invalid as being anticipated under 35 U.S.C. 102 requires a finding that "each and every limitation is found either expressly or inherently in a single prior art reference." Celeritas Techs., ltd. v. Rockwell Int'l Corp., 150 F. 3d 1354, 1361 (Fed. Cir. 1998). Anticipation under 102 requires "the presence in a single prior art disclosure of all elements of a claimed invention arranged as in that claim." Carella v. Starlight Archery & Pro Line Co., 804 F.2d 135, 138 (Fed. Cir.

1998).   Clear  and  convincing  evidence  is  required  to  show invalidity. WMS Gaming, Inc. v. Int'l Game Technology, 184 F.3d 1339, 1396-7 (Fed. Cir. 1999).

### Analysis

Plaintiff originally claimed violation of claim numbers 1-6, 11-15, and 20-25. However, plaintiff advised the court that he did not wish to pursue a violation of claim 25. Doc. #95. Only claims 1,6,11,13 and 23 are "independent claims"; the rest are dependent claims, that is, they contain "a reference to a claim previously set forth and then specify a further limitation of the subject matter claimed." 35 U.S.C. 112.

The no-spill drinking cup apparatus described in the '620 patent and Avent's allegedly infringing product both seek to provide a method by which a small child can obtain a liquid drink by sucking on the spout of the bottle top, but when no suction is applied, the spout is blocked so that no liquid, or at least little liquid, can escape.  Both products accomplish this by use of a simple valve which includes a diaphragm made of a flexible material such as silicone.

Avent asserts that Hakim's valve is invalid under 35 U.S.C. 102(b) as being anticipated and not novel. In support of its argument, Avent relies primarily on the intrinsic evidence regarding the patent.

The prosecution history shows that after the patent was

7

applied for, it was denied on February 17, 2000 by the patent office, pursuant to 35 U.S.C. 102(b), which provides, in pertinent part:

> A person shall be entitled to a patent unless-
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

Specifically, the patent office stated that the claims were rejected "as being clearly anticipated by the prior Belcastro patent." See Defendant's Exhibit 6.

In response to the rejection, Hakim filed a "Response", Defendants's Exhibit 6, in which he sought to distinguish the Delcastro invention. The patent office then, on November 7, 2000 rejected claims 1,2,5,6,9, and 11-17 as being clearly anticipated by Belcastro. Hakim Exh. 44, p.317,318. In May of 2001, Hakim filed an "Amendment and Response", Def. Exh 7, in which he again attempted to distinguish the prior art of Belcastro, deleted claims 1,2, and 5 and added claims 28 and 29. The patent office then, for the second time, rejected claims 6,9,11-17, and also 28 and 29. Hakim Exh. 44, p. 330. Plaintiff then met with the patent examiner and again filed an "Amendment and Response" in which he confirmed that agreement had been reached as to claims 6, 7, 8,10, 16, 19, 20, and 28. Def. Exh. 8. A patent was issued. Hakim Exh. 1.

8

The prior patent to which defendants refer, being IT '286 was never discussed or considered during the application and prosecution process regarding patent '620.

The '620 patent claims describe an apparatus for preventing spilling during drinking. The apparatus includes a valve comprising a protruding member or post and a flexible valve member with an opening through which the protruding member extends. In the closed position (when no sucking occurs) the protruding member extending through the valve member blocks the flow of liquid. When suction is applied, the valve member "is pulled away from said protruding member for the passage of liquid through said opening". In a preferred embodiment, the post would be tapered, or conical shaped, so that the harder a child sucks, the further up the post the member moves and more liquid is allowed to flow.

The IT '286 operates in the same manner.

As mentioned earlier, the IT '286 patent was not considered by the patent office in the proceedings regarding the Hakim '620 patent.

As can be seen from the drawings, above, and the patent claims, the claims in the '620 valve apparatus and the IT '286 assembly are substantially identical in all material respects. Both inventions have a flexible valve member or diaphragm, a base and a protruding member or post, called a peduncle in the IT '286 patent. The post extends through a hole in the valve member and,

9

when at rest in its closed position, the valve member sits tightly around the lower portion of the post in both inventions. See Hakim Exh. 44, p. 325 and claims 23 and 25, Def. Exh 1. When a child sucks on the spout, the valve member moves up the post which allows liquid to flow through the hole in the valve member. Both the '620 and the '286 patented apparatuses operate in this manner. See Def. Exh. 2,3.

Plaintiff attempts in brief to distinguish the patents by first suggesting that the IT patent does not disclose a no-spill drinking cup. However, as defendant correctly points out in brief, the '620 patent is for an apparatus, not a drinking cup. The IT patent is for a "valve cap applicable to the throat of a feeding bottle". "Apparatus claims cover what a device is, not what it does." Hewlett-Packard Co. v. Bausch & Lomb Inc. 909 F.2d 1464, 1468 (Fed. Cir. 1990). [G]enerally, the preamble does not limit the claims. Allen Eng'q Corp. v. Bartell Indus., Inc., 299 F.3d 1336, 1346 (Fed. Cir. 2002). Further there is no meaningful difference in the "drinking cup" referred to in the preamble of the Hakim patent '620 and the "feeding bottle" referred to in the IT patent '286. The difference is one of semantics and  what it is called depends more on the age of the child using the device than how it functions. Both valves operate identically.

Next Hakim suggests that the IT '286 device does not have a closed position.  This assertion is baffling, for as the claims of

the IT '286 suggest, and as the drawings reflect, the flexible member fits tightly around the lower portion of the post in both devices to seal off the flow of liquid.  See especially, drawing contained in IT patent at Def. Exh. 2, p. A003899 and claim 3. Plaintiff's suggestion that the IT device contains only an air-tight seal and not a liquid tight seal is equally unconvincing as being directly contradicted by the IT '286 claims [see IT '286 Claim 1 ("suitable for regulating and limiting the outflow from the feeding bottle")] and the very purpose of the device.  The IT valve is intended to seal the bottle when not in use. The mechanisms are the same, regardless of their intended purpose.

Next Hakim suggests that the IT '286 patent does not suggest the device can be attached to a cap as per claim 5 of his patent. To the contrary, the IT patent refers repeatedly to a "valve/cap" and the "body of the valve/cap".  See also drawings at Def. Exh. 2, p. A 003899.

Finally, Hakim argues that unlike the IT '286 device his device requires that the flexible member "invert" or "begin to invert" and he embarks on semantical gymnastics to create a distinction in the two devices.  This is not, as they say, rocket science; both of these extremely simple devices are made so that, when a child sucks on the spout, the flexible member flexes up on the post, breaking the seal, and allowing the flow of liquid. It matters not whether this movement is called inverting, "beginning

11

to invert", flexing, sliding, moving, lifting or any other term denoting its movement.  Both devices allow the liquid to flow when suction moves the flexible diaphragm from its "sealed" position on the post.

### The Extrinsic Evidence

Certain extrinsic evidence has been filed by both parties in connection with this motion.  That evidence consists of the affidavit of Mr. Hakim and copies of depositions, including expert deposition testimony.  However, I find that consideration of the extrinsic evidence is not necessary in this case.  The "technology" involved in the devices at issue is extremely simple and expert testimony is not needed to assist the court in understanding the products or the claims. EMI Group N. Am., 157 F.3d 892.  Further, this court is not required to consider expert testimony when considering the defense of anticipation. The case of Schumer v. Lab. Computer Sys., Inc. 308 F.3d 1304 (Fed. Cir. 2002), cited by plaintiffs does not so hold.  Schumer only held that if expert testimony is heard, it must be from one skilled in the art.

### Summary

Therefore, I find by clear and convincing evidence that there exists no genuine issues of material fact and that Avent is entitled to judgment as a matter of law that the '620 patent is invalid.

12

For the foregoing reasons, IT IS RECOMMENDED that Defendant, Avent's, Motion for Summary Judgment, Doc. # 89, be GRANTED and that plaintiff's claims as to the '620 patent be dismissed with prejudice.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

13

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the _____ day of February, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE