UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

NOURI E. HAKIM            CIVIL ACTION 3-02-1371

VERSUS            U.S. DISTRICT JUDGE ROBERT G. JAMES

CANNON AVENT GROUP, PLC,
et al            U.S. MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the court is a motion for summary judgment, **Doc. #90**, filed by defendants Cannon Avent Group, PLC, et al (Avent) as to U. S. Patent No. 6,357,620 ('620 patent) belonging to plaintiff, Nouri E. Hakim (Hakim). The motion seeks a ruling that Avent's invention does not infringe the claims of Hakim's '620 patent.

Hakim sued defendants for patent infringement claiming to be the inventor of "technology" related to children's no-spill drinking cups. Hakim claims that on March 19, 2002 he was awarded the '620 patent. Another patent was also awarded in regard to the no-spill drinking cups, Patent No. 6,321,931, which is the subject of another motion for summary judgment, Docs. # 88 in this case. Separate Reports and Recommendations are issued this date regarding those motions and the motion for summary judgment, Doc. #89, which also concerns the '620 patent.

Defendants denied the allegations of the complaint and filed a counterclaim against Hakim asserting the invalidity of both patents on the basis of prior use of the invention, its having been the subject of prior patents, 35 U.S.C. 102, that it was obvious, 35 U.S.C. 103, and

that it failed to contain an adequate specification.

In the contemporaneously filed Report and Recommendation regarding Defendants' Motion for Summary Judgment, Doc. 89, I recommended that the palintiff's claims concerning the '620 patent be dismissed because, I found, the patent is invalid. In view of that finding, this motion should be denied as moot.

Therefore, IT IS RECOMMENDED that this moiton, Doc. # 90, be DENIED AS MOOT.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the ___ day of February, 2005.

JAMES D. KIRK
United States Magistrate Judge