RECEIVED

MAY 0 4 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
MONROE LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **NOURI E. HAKIM** | **CIVIL ACTION NO. 02-1371** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CANNON AVENT GROUP, PLC, ET AL** | **MAG. JUDGE JAMES D. KIRK** |

## RULING

On February 2, 2005, Magistrate Judge James D. Kirk issued a Memorandum Order [Doc. No. 124] granting Defendants' Motion to Strike the Hakim Declaration [Doc. No. 108]. On February 22, 2005, Plaintiff filed a document entitled "Plaintiff's Objection to Magistrate Judge's Report and Recommendation [sic] that the Hakim Declaration Be Stricken," which the Court construes as an appeal [Doc. No. 128] of the Magistrate Judge's February 2, 2005 Memorandum Order. On March 9, 2005, Defendants filed a Response to Plaintiff's Request for Review of the Magistrate Judge's Memorandum Order.

For the following reasons, the Magistrate Judge's February 2, 2005 Memorandum Order [Doc. No. 124] is AFFIRMED, and Plaintiff's appeal [Doc. No. 128] is DENIED.

A magistrate judge's non-dispositive order is reviewable under the clearly erroneous and contrary to law standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Castillo v. Frank*, 70 F.3d 382, 385-86 (5th Cir. 1995).

In his Memorandum Order granting the Motion to Strike the Hakim Declaration, Magistrate Judge Kirk concluded that Hakim failed to provide a timely expert report or to submit himself for deposition, that expert testimony is not needed by the Court in this case, and that Hakim's testimony

is self-serving, biased, and "of no assistance to the [C]ourt in understanding the 'technology' involved regarding the simple device at issue in this case."

In patent infringement suits, the Federal Circuit has admonished that "claims should preferably be interpreted without recourse to extrinsic evidence such as expert testimony . . . and that expert testimony should be received only for the purpose of educating the judge." *EMI Group North America, Inc. v. Intel Corp.*, 157 F.3d 887, 892 (Fed. Cir. 1998). "In most situations, an analysis of the intrinsic evidence alone will resolve any ambiguity in a disputed claim term. In such circumstances, it is improper to rely on extrinsic evidence." *C.P. Partnership v. Far West Products*, Civ. No. 6:97-1337, 1998 WL 998960 (W.D. La. Aug. 25, 1998) (citing *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996)). "In construing the claims we look to the language of the claims, the specification, and the prosecution history. Extrinsic evidence *may* also be considered, *if needed* to assist in determining the meaning or scope of technical terms in the claims." *Pall Corp. v. Micron Separations, Inc.* 66 F.3d 1211, 1216 (Fed. Cir. 1995) (emphasis added; citations omitted).

In the present case, Magistrate Judge Kirk determined that the consideration of extrinsic evidence such as the Hakim Declaration was not necessary to assist in construing the claims because the technology involved is relatively simple.

Having conducted a review of the entire record, including the memoranda submitted by Defendants and Plaintiff, the Court finds that, under the facts and circumstances of this case, the Magistrate Judge's ruling was not clearly erroneous or contrary to the law.

IT IS HEREBY ORDERED that Plaintiff's appeal [Doc. No. 128] is DENIED and the Magistrate Judge's February 2, 2005 Memorandum Order [Doc. No. 124] granting Defendants'

Motion to Strike the Hakim Declaration is AFFIRMED.

MONROE, LOUISIANA, this 3 day of May, 2005.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE